United States District Court
District of Massachusetts

| | |
|---|---|
| CORIAN M. BRANYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 15-10076-NMG |
| SOUTHWEST AIRLINES CO., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves various claims made by plaintiff Corian Branyan ("Branyan") against defendant Southwest Airlines Co. ("Southwest"), for whom she was previously employed as a customer service agent and flight attendant. Pending before the Court is plaintiff's motion to remand the case to state court. For the reasons that follow, the motion be will denied.

I.  **Background**

According to her complaint, Branyan resides in Plymouth County within the Commonwealth of Massachusetts. Southwest is a Texas corporation with its principle place of business in Dallas, Texas.

In July, 2013, Branyan suffered a work-related wrist injury and was placed on paid leave. Southwest continued to provide

Branyan with paid benefits until its insurer denied her workers' compensation claim in September, 2013.

Southwest then allegedly began harassing plaintiff and demanding reimbursement for over $4,500 in benefits that it had provided to her while she was on leave. Southwest, inter alia, purportedly took money out of Branyan's "sick bank" account to satisfy the debt and made repeated calls to Branyan in the months after her claim was denied. Branyan maintains that Southwest's actions caused her severe stress and negatively affected her health and well-being.

In December, 2014, plaintiff filed this action in Massachusetts Superior Court for Plymouth County and asserted claims for 1) intentional infliction of emotional distress, 2) negligent infliction of emotional distress, 3) invasion of the right to privacy in violation of M.G.L. c. 223, § 1 and 4) bullying, abuse and harassment in violation of M.G.L. § 151G, § 1(a).[1]

Southwest timely removed the case to this Court in January, 2015. In its notice of removal, Southwest relied on diversity of citizenship to establish federal court jurisdiction. In February, 2015, Branyan moved to remand the case to state court.

---

[1] The parties stipulated to the dismissal of Count IV in February, 2015.

Also pending but outside the scope of this Memorandum & Order is Southwest's motion to dismiss.

**II. Motion to Remand**

    **A. Legal Standard**

Federal jurisdiction predicated on diversity of citizenship requires that the case arise between "citizens of different states" and have an amount in controversy that exceeds $75,000.[2] 28 U.S.C. § 1332(a). Citizenship is determined by a person's domicile, which is itself established by showing that the individual 1) is physically present in the state and 2) has an intent to remain indefinitely. Garcia Perez v. Santaella, 364 F.3d 348, 350 (1st Cir. 2004).

The party relying on diversity jurisdiction must not only establish domicile by a preponderance of the evidence but also prove that diversity of citizenship existed at the time the suit was filed. Id. at 350-51.

    **B. Application**

Branyan's complaint clearly attempts to insulate her suit from federal court by stating, in minimalist terms, that she only resided in Massachusetts without declaring her citizenship of, or domicile in, that state. See Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 53 (1st Cir. 1992) ("[C]itizenship or

---

[2] Branyan's motion to remand does not contest that the amount in controversy is adequate.

domicile, not residence, is the basis of subject matter jurisdiction").

In her motion to remand, Branyan proceeds to contend that Southwest's notice of removal fails to establish diversity and is therefore defective. Specifically, she argues at length that Southwest's notice of removal falsely avers that Branyan is a <u>citizen</u> of Massachusetts, as opposed to merely being a resident. That argument is, however, underwhelming.

Southwest has easily carried its burden of establishing diversity of citizenship. First, its notice of removal appropriately relies on Branyan's own admission that she resides in Massachusetts. <u>See</u> <u>Miller</u> v. <u>Grgurich</u>, 763 F.2d 372, 373 (9th Cir. 1985) (Kennedy, J.) ("The diversity upon which removal is predicated ... should generally be determined from the face of the complaint."). Her admission is important because courts typically utilize current residence as a key consideration when determining domicile. <u>See, e.g.</u>, <u>Garcia Perez</u>, 364 F.3d at 351 (including "current residence" as first of many factors that courts rely on in determining domicile); <u>Lundquist</u> v. <u>Precision Valley Aviation, Inc.</u>, 946 F.2d 8, 11 (1st Cir. 1991) ("residence is highly relevant to the issue of domicile"); <u>Macone</u> v. <u>Nelson</u>, 274 F. Supp. 2d 136, 140 (D.P.R. 2003) (remarking that "place of residence is prima facie evidence of a party's domicile"). <u>See also</u> <u>Valentin</u> v. <u>Hosp. Bella Vista</u>, 254

F.3d 358, 361 n.1 (1st Cir. 2001) ("emulating" district court's decision "pragmatically" to assume that plaintiff meant citizenship when she said residency in complaint).

Moreover, Southwest submitted an affidavit which details Branyan's extensive connections to Massachusetts and undoubtedly proves that she was domiciled in the Commonwealth at the time she became employed by Southwest. Such evidence raises a presumption in favor of continuing to identify Massachusetts as her domicile. Padilla-Mangual v. Pavia Hosp., 516 F.3d 29, 31 (1st Cir. 2008) (citations omitted). Plaintiff makes no attempt to identify or establish any other state as her domicile and, instead, merely persists that Southwest has failed to establish diversity. Thus, Branyan does nothing to overcome the presumption that she was, at the time she filed suit, domiciled in Massachusetts.

Branyan also contends that the notice of removal impermissibly failed to note that the action is not one of the categories of cases rendered non-removable by 28 U.S.C. § 1445. That argument is equally unavailing. Quite simply, 28 U.S.C. § 1446, which governs the procedure for the removal of civil actions, requires no such disclaimer in a defendant's notice.

Accordingly, Branyan's motion to remand will be denied.

### C. Ancillary Motions

Also pending is 1) Branyan's motion for leave to file a reply brief and 2) Southwest's motion to strike. Branyan originally filed her reply brief without leave of court, contrary to local rule. Shortly thereafter, Southwest moved to strike the reply brief on the same day that Branyan sought leave to re-file it with leave of court.

The Court discounts Branyan's failure to seek leave of court in light of her effort to correct the error a few days later. As such, her motion for leave will be allowed and Southwest's motion to strike will be denied.

That being said, Branyan's reply brief raises serious, yet completely unwarranted allegations of misconduct by defense counsel. Southwest did nothing improper by relying on a sworn affidavit in support of its opposition to the motion to remand. See PhoneDOCTORx, LLC v. Healthbridge Management, Inc., No. 12-cv-12281-FDS, 2013 WL 474516, at *2 (D. Mass. Feb. 6, 2013). Counsel for plaintiff is forewarned and admonished to avoid making any further ad hominem attacks on defense counsel which likely will result in the imposition of sanctions.

## ORDER

For the foregoing reasons,

1) plaintiff's motion to remand (Docket No. 15) is **DENIED**;

2) plaintiff's motion for leave to file a reply brief (Docket No. 21) is **ALLOWED**; and

3) defendant's motion to strike (Docket No. 22) is **DENIED**.

**So ordered.**

                                                  /s/ Nathaniel M. Gorton  
                                                  Nathaniel M. Gorton  
                                                  United States District Judge

Dated March 17, 2015