**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| _____ | ) |
| CORIAN BRANYAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. |
| | )   15-10076-NMG |
| SOUTHWEST AIRLINES CO., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**MEMORANDUM & ORDER**

GORTON, J.

This case involves allegations of tortious conduct by defendant Southwest Airlines Co. ("Southwest"). At the time of that purported conduct, plaintiff Corian Branyan ("Branyan"), who was employed by Southwest as a flight attendant, was out on paid leave. Pending before the Court is Branyan's second motion to remand and Southwest's motion to dismiss the remaining counts of the complaint. For the reasons that follow, the second motion to remand will be denied and the motion to dismiss will be allowed.

I.   **Background**

In July, 2013, Branyan suffered a wrist injury while assisting a Southwest passenger and was placed on paid leave. Southwest continued to provide Branyan with paid benefits until

-1-

its insurer denied her workers' compensation claim in September, 2013.

Southwest then allegedly began harassing plaintiff and demanding reimbursement of more than $4,500 in benefits that it had provided to her while she was on leave.  Southwest, inter alia, purportedly took money out of Branyan's "sick bank" account to satisfy the debt and made repeated calls to Branyan in the months after her claim was denied.  The calls suggested Branyan's continued employment with Southwest was contingent on the expedient resolution of the debt.  Plaintiff directed those inquiries to her attorney before disconnecting the calls.

In early December, 2013, Southwest once again contacted Branyan and told her that she would need to report for work forthwith.  Branyan advised Southwest that she was scheduled to have surgery that day and would be unable to report as requested.

After an apparent interlude in communications between the parties, Southwest made in excess of 25 calls to Branyan during February and March, 2014.  The complaint fails, however, to allege whether Branyan answered any of those calls or otherwise made contact with Southwest.

On April 11, 2014, in light of its continued inability to contact Branyan, Southwest contacted the Halifax, Massachusetts police department and asked them to go to her home address 1) to

conduct a "wellness check" out of concern for her well-being and 2) to let her know that her employer had been unsuccessfully trying to contact her.  Halifax police made contact with Branyan at her residence and advised her to call her employer.

Three days later, Branyan received written notice that her employment with Southwest had been terminated.  She maintains that Southwest's actions negatively affected her health and well-being by causing her severe stress, debilitating anxiety, panic attacks, depression, loss of sleep and suicidal thoughts.

In December, 2014, plaintiff filed a four-count complaint in the Massachusetts Superior Court for Plymouth County, asserting claims against Southwest for: 1) intentional infliction of emotional distress, 2) negligent infliction of emotional distress, 3) invasion of the right of privacy, in violation of M.G.L. c. 223, § 1, and 4) bullying, abuse and harassment, in violation of M.G.L. c. 151G, § 1(a).[1]

Southwest timely removed the case to this Court in January, 2015.  In March, 2015, the Court denied Branyan's initial motion to remand which was predicated on a lack of diversity of citizenship.  In April, 2015, Branyan moved to remand for the second time, this time contesting the amount in controversy.

---

[1] The parties stipulated to the dismissal of Count IV in February, 2015.

II.  **Plaintiff's Second Motion to Remand**

Pursuant to 28 U.S.C. § 1332(a), federal courts have diversity jurisdiction over cases so long as 1) the parties are citizens of different states and 2) the amount in controversy exceeds $75,000.  Having unsuccessfully argued that diversity of citizenship was deficient in her first motion to remand, plaintiff now attempts to evade federal jurisdiction by contesting the amount in controversy.  Branyan argues that recent settlement negotiations between the parties now value her claims at far below the $75,000 jurisdictional requirement and, as such, the case must be remanded.[2]  This argument amounts to gamesmanship and is without merit.

It is well-settled that federal courts retain jurisdiction of removed cases even if subsequent circumstances reduce the amount in controversy below the $75,000 threshold. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 293 (1938). The First Circuit Court of Appeals is clear on this point, stating that the value of a case for amount in controversy purposes is determined at the time of removal. Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001).  Other circuits have reached the same conclusion. See, e.g., The Burt Co. v.

---

[2] As the Court noted in its previous Memorandum & Order, Branyan's first motion to remand did not challenge the amount in controversy requirement.

Clarendon Nat'l Ins. Co., 385 F. App'x 892, 894 (11th Cir. 2010) ("We measure the amount in controversy on the date on which the court's diversity jurisdiction is first invoked, in this case on the date of removal.").

There are good reasons for such a rule.  Once a case has been properly removed it ought not be remanded on a whim.  Allowing a plaintiff to avoid federal court by retrospectively reducing her settlement demand below the threshold amount would encourage gamesmanship. Purple Passion, Inc. v. RCN Telecom Servs., Inc., 406 F. Supp. 2d 245, 247 (S.D.N.Y. 2005) (denying motion to remand where plaintiff amended their complaint to reduce damages sought to $74,000).  Moreover, regardless of Branyan's suddenly conservative settlement demand, a jury could, after determining liability, award damages in excess of the jurisdictional amount. Hogan v. Wal-Mart Stores East, L.P., No. 13-603S, 2014 WL 66658, at *4-5 (D.R.I. Jan. 8, 2014).

Furthermore, even if Branyan were permitted to seek remand because of an unforeseen reduction of potential damages, the time to pursue that remedy has come and gone.  Plaintiff should have raised that argument when she filed her first motion to remand.  She could have stipulated that she would not seek a recovery in excess of $75,000. See Neville v. Value City Dep't Stores, LLC, No. 07-cv-53-DRH, 2008 WL 2796661, at *5 (S.D. Ill. July 18, 2008).  She failed to do so and does not now get a

second bite at the apple after her disappointment with the
Court's first ruling.

Here, Branyan is clearly dissatisfied with Southwest's
decision to remove her complaint and invoke federal
jurisdiction. Mere dissatisfaction with the federal forum,
absent a justifiable basis for remand, is insufficient.
Accordingly, plaintiff's second motion to remand will be denied.
Southwest's request for its attorneys' fees and costs associated
with defending the motion will, however, be denied and each
party will bear its own costs.

### III. <u>Defendant's Motion to Dismiss</u>

#### A.   Legal Standard

To survive a motion to dismiss, a complaint must contain
sufficient factual matter, accepted as true, to "state a claim
to relief that is plausible on its face." <u>Bell Atl. Corp.</u> v.
<u>Twombly</u>, 550 U.S. 544, 570 (2007). The Court must accept all
factual allegations in the complaint as true and draw all
reasonable inferences in the plaintiff's favor. <u>Langadinos</u> v.
<u>Am. Airlines, Inc.</u>, 199 F.3d 68, 69 (1st Cir. 2000). The Court,
however, need not accept legal conclusions as true. <u>Ashcroft</u> v.
<u>Iqbal</u>, 556 U.S. 662, 678 (2009). Threadbare recitals of the
legal elements, supported by mere conclusory statements, do not
suffice to state a cause of action. <u>Id.</u> Accordingly, a
complaint does not state a claim for relief where the well-pled

facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 679.

**B.   Analysis**

**1.   Infliction of Emotional Distress (Counts I and II)**

In its motion to dismiss, Southwest argues that Branyan's claims for intentional and negligent infliction of emotional distress (Counts I and II) are, inter alia, preempted by the Massachusetts Workers' Compensation Act ("MWCA") and are therefore beyond the jurisdiction of this Court. See M.G.L. c. 152, § 24.

The MWCA contains an exclusivity provision that bars claims brought by employees against their employers for any personal injuries which "aris[e] out of or in the course of employment." Acciavatti v. Prof'l Servs. Grp., Inc., 982 F. Supp. 69, 77 (D. Mass. 1997).  The statute thus effectively abrogates subject matter jurisdiction in applicable cases. Fusaro v. Blakely, 661 N.E.2d 1339, 1341 (Mass. App. Ct. 1996).  Courts have held that the exclusivity provision extends to claims alleging intentional and negligent infliction of emotional distress. Id.; see also McArdle v. Town of Dracut/Dracut Pub. Sch., 732 F.3d 29, 37 (1st Cir. 2013) (claim for intentional infliction of emotional distress "fails even to get to first base because [the MWCA] bars the use of that tort by an employee (or former employee)

against coworkers or employers acting within the scope of their employment").

Branyan contends that her claim is not barred by the MWCA because the purported emotional injuries she sustained were inflicted on her while she was on administrative leave and, therefore, do not arise out of her employment relationship with Southwest. Her argument is unavailing. The mere fact that Branyan was on leave at the time of the alleged injuries is irrelevant. See Sigma Sys., Inc. v. Rasamsetti, No. 011435A, 2004 WL 2915453, at *2 (Mass. Super. Ct. Nov. 15, 2004) (exclusivity provision of MWCA applies "so long as the conduct arises out of and in relationship to the continuing employment relationship", even if employee is not actively working at the time).

Here, Branyan was placed on paid leave by her employer after suffering a physical injury. She subsequently received leave benefits from Southwest for a period of time before reimbursement for those benefits was requested upon the denial of her workers' compensation claim. Southwest then initiated a number of communications with Branyan regarding the repayment of benefits, her scheduled return to work, her continued absence and its inability to reach her and, ultimately, her termination. All of the subject communications of Southwest representatives appear to have been conducted in a manner that was consistent

-8-

with the scope of their job duties at the time, i.e.,
communicating with Branyan about her employment with the
company. See Doe v. Purity Supreme, Inc., 664 N.E.2d 815, 819
(Mass. 1996) (employee's action is within scope of employment
when it is motivated, at least partially, by a desire to serve
the employer).  Moreover, she was, at all relevant times, still
an employee of Southwest.  Thus, her alleged injuries were
sustained in the context of an employment relationship with
Southwest and are therefore barred by the exclusivity provision
of the MWCA. See Acciavatti, 982 F. Supp. at 77.

Accordingly, Counts I and II of plaintiff's complaint will
be dismissed.

### 2.   Invasion of Privacy (Count III)

Branyan's invasion of privacy claim is predicated on the
wellness check at her home made by the local police at the
behest of Southwest officials.  She contends that Southwest's
decision to contact the police and ask them to check on an
employee resulted in an egregious violation of her privacy that
caused her severe emotional harm.  Southwest responds, however,
that plaintiff fails to allege adequately that 1) any private
facts were disseminated or 2) that the alleged intrusion of her
privacy was unreasonable or substantial.  Southwest also avers
that its legitimate business interest in attempting to reach
Branyan outweighs any de minimis intrusion of her privacy.

-9-

In Massachusetts, a person has a statutory right to privacy. M.G.L. c. 214, § 1B.  In order to prevail on a claim alleging an invasion of privacy, a plaintiff must prove that there was 1) a gathering and dissemination of facts of a private nature that 2) resulted in an unreasonable, substantial or serious interference with his privacy. Nelson v. Salem State Coll., 845 N.E.2d 338, 348 (Mass. 2006).  In order to qualify for protection under the statute, the disclosed facts must be "of a highly personal or intimate nature." Taylor v. Swartwout, 445 F. Supp. 2d 98, 103 (D. Mass. 2006) (citing Bratt v. Int'l Bus. Machs. Corp., 467 N.E.2d 126, 133-34 (Mass. 1984)).

Moreover, legitimate business reasons for the reasonable collection or dissemination of private employee information are not actionable under the statute. Bratt, 467 N.E.2d at 135.  In an employment relationship, courts will balance the legitimacy of an employer's need to obtain personal information against the seriousness of the intrusion into the employee's privacy. French v. United Parcel Serv., Inc., 2 F. Supp. 2d 128, 131 (D. Mass. 1998).

Branyan appears to assert that the invasion of privacy occurred when her employer contacted local police and disclosed her name, home address and employment status.  Such private information, she argues, led to the police coming to her residence in what she characterizes as an "unfair intrusion" but

-10-

those allegations are insufficient to constitute a cognizable invasion of privacy claim.  A person's name, home address, and employer are hardly facts of a highly personal or intimate nature.  Nor can a brief home visit from a police officer properly be characterized as an unreasonable, substantial or serious interference with plaintiff's privacy.

Furthermore, Southwest had a legitimate business interest in contacting local police.  Southwest had tried, unsuccessfully, to contact Branyan more than 25 times during the previous two months.  While police involvement may not have been the only, or even the most appropriate, way to reach her, Southwest's conduct did not impermissibly interfere with plaintiff's privacy and its actions cannot support a claim for invasion of privacy.

Accordingly, Count III of plaintiff's complaint will be dismissed.

**ORDER**

For the foregoing reasons,

1)     the second motion of plaintiff Corian Branyan to
       remand (Docket No. 32) is **DENIED;**

2)     the motion of defendant Southwest Airlines Co. to
       dismiss Counts I, II and III (Docket No. 14) is
       **ALLOWED;** and accordingly

3)     the case is **DISMISSED.**

**So ordered.**


                                   /s/ Nathaniel M. Gorton
                                   Nathaniel M. Gorton
                                   United States District Judge
Dated May 20, 2015